FILED

2008 Jul 21 PM 01:41

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
YOUNGSTOWN

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

IN RE: DAVID & CONNIE TINGLE )  CASE NO. 08-42117
)
      Debtor(s) )  JUDGE KAY WOODS
)
)  CHAPTER 13
)
)  <u>DEBTOR(S) PLAN</u>
)

    1. The Debtor shall pay to the Trustee out of Debtor's earnings or other income, the sum of **$300.00** each month. The Debtor submits all or such portion of Debtor's future earnings or other income as is necessary for the execution of the Plan to the control of the Trustee. 11 U.S.C. S1322(a)(1).

    2. The following creditors shall be paid as follows:

    A. WELLS FARGO, on the first mortgage, shall be paid the arrears [$2,000] in the plan at 100% and the regular monthly payment shall recommence directly outside the plan beginning August 2008.

    B. CITIFINANCIAL, on the second mortgage, shall be paid the arrears [$230] in the plan at 100% and the regular monthly payment shall recommence directly outside the plan beginning August 2008.

    C. CHRYSLER FINANCIAL, on the auto lease account # 7001821556, shall be rejected.

    3. All claims entitled to priority under 11 U.S.C. S507 shall be paid in full deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim. 11 U.S.C. S507.

    4. Creditors holding allowed unsecured claims shall be paid:
       _____ IN FULL
       __x__ TO THE EXTENT OF __.10__ CENTS ON THE DOLLAR

No interest accruing after the date of the filing of the petition shall be allowed on the claims of creditors holding allowed unsecured claims. Unmatured interest shall be rebated in determining the allowed amount of any such claim. 11 U.S.C. § 502(b)(2).

    5. The holder of any allowed secured claim provided for by the Plan shall retain a lien securing such claim until the amount for which the claim is allowed as secured is paid in full. 11 U.S.C. § 1325 (a)(B)(I), 1327 (c).

    6. Creditors will be barred against collecting from the co-debtor if the debt is being paid in full in this plan.

7. Lender's attorney's legal fees shall not be paid if included with pre-petition arrearages. The cure amount shall be governed by 11 U.S.C. § 1322(e) and Ohio Law which renders void any attorney fee provisions in mortgage agreements or notes. See Meridian Mut. Ins. Co. v. Kellman, 197 F.3d 1178, 1181 (6th Cir. 1999); Miller v. Kyle, 85 Ohio St. 186, 97 N.E. 372; Leavans v. Ohio Nat'l Bank, 50 Ohio St. 591, 34 N.E. 1089. See also, *In Re Dorothy Jean Lake* (99-12295), (February 18, 2000). See, *In Re Eric Ryan Bohr, Sr. and Mary Grace Bohr* (99-43242), (May 4, 2000).

8. If this proceeding is dismissed prior to confirmation, unpaid funds shall be applied first to court costs, second to trustee's fees, thirdly to Debtor's attorney fees, and any balance shall be refunded to the Debtor or Debtors.

9. The United States of America, Department of the Treasury, Internal Revenue Service, shall have their priority claim, if there is one, discharged if the claim is provided for in this Chapter 13 and is not paid solely because a proof of claim was either not filed or not timely filed. 11 U.S.C. § 1328 Matter of Border, 116 B.R. 588 ( S. D. Ohio 1990); *In Re Tomlan*, 102 B.R. 790 (E.D. Wash. 1989).

10. Creditors who are listed on the schedules of the Chapter 13 petition and either fail to file a claim or filed an untimely claim shall have their obligation be deemed discharged by the issuance of a discharge to the (these) creditor(s). 11 U.S.C. § 1328.

11. The deadline for filing of claims by all creditors (except the governmental unit) to participate in the distribution under this plan shall be NINETY (90) DAYS after the originally scheduled FIRST MEETING OF CREDITORS (Section 341 Meeting); Creditors who fail to file a claim or fail to timely file a claim shall have their debt discharged pursuant to Section 1328 of Title 11 of U.S. Code.

12. Any creditor who has the secured value of their allowed claim paid shall immediately issue a release of any title or security agreement to the debtor; this obligation shall be placed upon the creditor even if the unsecured portion of the claim is not yet paid.

13. If the asset held as collateral by a creditor herein is destroyed after confirmation and before discharge, the insurance proceeds shall go to the applicable lender only to the extent of the balance owed under the plan at the time of the loss or reduction in value of the collateral.

14. Post-petition claims that are allowed under 11 U.S.C. Section 1305 (a) (2) shall be paid through this plan; that is, all or any part of a consumer claim allowed under 11 U.S.C. 1305(a) (2) shall be paid in this plan. See, *In Re Trentham* 145 B.R. 564 (Bankr. E.D. Tenn. 1992); See also, 11 U.S. C. 1322 (b) (6) and 11 U.S.C. 1305 (a) (2).

15. Post-petition defaults (arrearages) which may occur on mortgage payments being paid directly to mortgagees ( outside the plan) may be cured by the filing of an amendment/modification of the plan providing for curing the post-petition arrearage in the plan. See, Bowest Corp. v. Stafford / *In Re Stafford*, 123 B.R. 415 (N.D. ALA. 1991); *In Re Hoggle*, 12 F3d 1008; Central Bank of the South v. Thomas ( *In Re Thomas*), 121 B.R. 94 (Bankr. N.D. ALA. 1990); See also, 11 U.S.C. 105(a), 11 U.S.C. 1329 (a) (1) and (2) and 11 U.S.C. 1322 (b) (5).

16. ROBERT A. CIOTOLA, Attorney for Debtor, will receive his fees up to $3,000.00 through this Plan, subject to application to and approval from the Court. The fees of the Debtor's counsel shall be paid as an administrative expense. 11 U.S.C. S1326 (b) (1); 11 U.S.C. S507 (a) (1); 11 U.S.C. S330 (a). The legal fees shall be paid before payment is made to unsecured creditors.

17. The Creditors will be paid within a ___5___ year period.

DATE: __7.16.08__  _____
                    David V. Tingle

_____  _____
ROBERT A. CIOTOLA           Connie M. Tingle
Attorney for Debtor (s)